UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ROYAL M. HARRISON,

                         Petitioner,          12 Civ. 6855

   -against-                                 <u>OPINION</u>

DUKE TERRELL, WARDEN,

                         Respondent.

------------------------------------------X



A P P E A R A N C E S:

    <u>Pro Se</u>

    Royal M. Harrison
    Reg. No. 12443-052
    Horizon House
    35-37 Elizabeth Street
    Albany, NY 12202


    <u>Attorney for Respondent</u>

    PREET BHARARA
    U.S. Attorney for the S.D.N.Y.
    86 Chambers Street, Third Floor
    New York, NY 10007
    By:  Andrew E. Krause, Esq.

**Sweet, D.J.**

Royal M. Harrison (the "Petitioner") has filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Petitioner has asserted that judicial intervention is needed to ensure the provision of appropriate medical treatment for his cancer, and he also seeks a reduction in his sentence so that he might pursue treatment outside of the Federal Bureau of Prisons ("BOP") system. Upon the conclusions set forth below, the Petition is denied.

## Prior Proceedings

On January 27, 2005, Petitioner was sentenced in the Northern District of New York to a 24-month term of imprisonment after pleading guilty to a charge of Misuse of identification to Fraudulently Obtain Credit and Credit Loans in violation of 18 U.S.C. §§ 1028(a)(7) and (b)(1)(D). Pet. at 3-4. This federal sentence was imposed as consecutive to certain New York State sentences that Petitioner was then serving. Id. If Petitioner earns all good conduct time available to him, his projected release date is April 7, 2013. Declaration of Lenoir Knoblauch in Support of Respondent's Opposition to the Petition for a Writ of Habeas Corpus ("Knoblauch Decl.") ¶ 3.

Petitioner began serving his federal sentence on July 13, 2011, at the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). Id. ¶ 4. On August 15, 2011, Petitioner filed the Petition in the United States District Court for the Eastern District of New York seeking a "sentencing reduction" so that he might "go and get the proper treatment" outside of the federal prison system for his previously diagnosed cancer. Pet. at 1-2. He alleged that the BOP was "denying treatment" in violation of the Eighth Amendment, that the BOP "cannot provide the appropriate treatment for the cancer," and that and that his health was deteriorating on a daily basis. Id. The matter was assigned to the Honorable Dora L. Irizarry.

While the Petition was pending, Petitioner was transferred to FCI Otisville on September 21, 2011. Knoblauch Decl. ¶ 5. The United States Attorney's Office for the Eastern District of New York, on behalf of Respondent, filed a response to the Petition on October 18, 2011. Dkt. No. 5 at 2-3. Petitioner filed a reply in support of his Petition on November 7, 2011. Approximately two months later, on January 10, 2012, Petitioner filed a document styled as "Petitioner's Motion for the Status of His Case and Motion for Leave to Submit Photographs as Evidence that He Is (Still) [Not] Receiving

3

Proper or Timely Medical Treatment." Dkt. No. 11. In this submission, Petitioner alleged that he had not received proper or timely treatment for his cancer since being moved to FCI Otisville, and submitted photographs that purportedly supported this allegation of inadequate treatment. Id.

The medical staff at FCI Otisville, who saw Petitioner in person on nine occasions between September 2011 and January 2012 (not including dates when Petitioner underwent medical tests or procedures), initiated the process of having Petitioner transferred to a facility where he could receive specialized treatment for his cancer. See Knoblauch Decl. ¶ 6. On December 23, 2011, the Clinical Director of FCI Otisville requested that Petitioner be transferred to a federal medical center to receive cancer treatment, and the warden of FCI Otisville approved this request on December 27, 2011. Id. The BOP's Office of Medical Designations and Transportation approved the transfer request on January 9, 2012f, id., the day before Petitioner's supplemental filing was docketed. Petitioner was transferred to the Federal Medical Center in Butner, North Carolina ("FMC Butner") on January 18, 2012, and on April 5, 2012, Petitioner was transferred to a medium security federal correctional institution in Butner ("FCI Butner"), where he currently is housed. There is no indication that Judge Irizarry

4

was informed about any of the facts surrounding Petitioner's January 2012 transfer to Butner.

On August 31, 2012, Judge Irizarry issued an opinion which denied as moot "Petitioner's claims of poor medical treatment at MDC Brooklyn." Dkt. No. 12 at 2. The Court concluded that as a result of Petitioner's transfer to FCI Otisville, "to the extent petitioner asserts claims against MDC Brooklyn and its personnel, and seeks relief from the conditions at MDC Brooklyn, those claims are moot and must be dismissed for lack of jurisdiction." Id. at 3. Nevertheless, Judge Irizarry also determined that this matter should be transferred to the Southern District of New York rather than dismissed in its entirety based on the supplemental allegations regarding FCI Otisville contained in Petitioner's January 10, 2012, submission, as to which she concluded she was without jurisdiction. The action formally was transferred to the Southern District of New York on September 11, 2012, and was assigned to this court on September 19, 2012.

Opposition to the Petition was received and the Petition was marked fully submitted on November 20, 2012.

**The Claims Relating to Otisville Are Moot**

Federal courts may only adjudicate matters that "present an actual dispute between the parties." Catanzano v. Wing, 277 F.3d 99, 107 (2d Cir. 2001). When "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, [and] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," an issue is considered moot and the federal court is divested of jurisdiction over it. Id. (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)) (internal quotation marks omitted). In this Circuit "a transfer from a prison facility moots an action for injunctive relief against the transferring facility." Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996). This principle remains valid even if the underlying claim was filed properly in the district of confinement prior to the inmate's transfer. See Allen v. Lindsay, No. 09 Civ. 1283 (KAM), 2010 WL 5067907, *2 (E.D.N.Y. Dec. 7, 2010). Claims by inmates that they have been denied adequate and/or necessary medical care during their incarceration regularly are treated as claims for injunctive relief. See, e.g., Allen, 2010 WL 5067907, at *2; United States v. Armstrong, No. 99 Cr. 997 (JFK), 2011 WL 292018, at *3 (S.D.N.Y. Jan. 28, 2011).

The original allegations in the Petition were dismissed as moot by Judge Irizarry because Petitioner's transfer from MDC Brooklyn to FCI Otisville meant that he could no longer pursue claims regarding his allegedly deficient medical care at MDC Brooklyn. See Dkt. No. 12 at 2-3. For substantially similar reasons, the claims in Petitioner's supplemental submission regarding his allegedly substandard medical treatment at FCI Otisville also must be dismissed as moot based on his transfers to FMC Butner and FCI Butner.

Moreover, the Petitioner was moved to a federal medical center specifically for the purpose of providing him with specialized treatment for his cancer. See Knoblauch Decl. ¶ 6. Petitioner's claims are dismissed as moot because he is no longer housed in the facility where the alleged deprivations were taking place, and because the only issue raised in either the Petition or the January 10, 2012, supplemental submission has been addressed, thereby "completely and irrevocably eradicat[ing] the effects of the alleged violation." See Davis, 440 U.S. at 631.

**Petitioner Does Not Meet The Criteria Required To Qualify For A Sentence Reduction**

The Second Circuit has noted that "Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines." United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998). As set forth in 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment once it has been imposed if: (1) upon motion of the BOP, the Court determines that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i); (2) upon motion of the BOP, the Court determines that the inmate has met a series of other conditions, including being at least 70 years of age and having served at least 30 years in prison, 18 U.S.C. § 3582(c)(1)(A)(ii); (3) the modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582 (c)(1)(B); or (4) the inmate has been sentenced to imprisonment based on a United States Sentencing Guidelines range that has subsequently been lowered by the United States Sentencing Commission, 18 U.S.C. § 3582(c)(2). See United States v. Harvey, 05 Cr. 1193 (RWS), 2008 WL 3833928, at *1 (S.D.N.Y. Aug. 12, 2008).

Petitioner has not qualified for any of these options. The only section of the statute that is relevant for a request based solely on an inmate's medical condition is 18 U.S.C. § 3582(c)(1)(A)(i). However, as this Court has previously recognized, "a sentence reduction based upon a defendant's medical condition . . . is limited to circumstances where the Director of the Bureau of Prisons has moved to reduce the term of a defendant's sentence." Id. at *2. The BOP is vested with the discretion to take such action on behalf of a prisoner, see Defeo v. Lapin, 08 Civ. 7513 (RWS), 2009 WL 1788056, at *3 ("Federal courts have consistently held that the Director's decision concerning whether to seek a sentence reduction is a matter of discretion under § 3582(c)(1)(A)."), and it has not elected to do so with respect to the Petitioner. In addition, Petitioner does not meet the minimum age or sentence duration requirements of 18 U.S.C. § 3582(c)(1)(A)(ii), and the BOP has not filed a motion on his behalf.

Petitioner does not – and cannot – point to any statute that explicitly permits a modification based solely on preference for non-BOP medical treatment. Accordingly, his request for a reduction in his sentence to allow him to pursue medical treatment outside of the BOP system is denied.

9

**Neither Civil Rights Nor a Tort Claim Has Been Established**

Even an expansive reading of the allegations in Petitioner's January 10, 2012, submission cannot support a finding that Petitioner provides a sufficient factual basis to support alternate claims against officials at FCI Otisville. Judge Irizarry's August 31, 2012, decision addressed the possibility that the Petition could be read to assert civil rights or tort claims against officials at MDC Brooklyn, and invited Petitioner to pursue such claims if he had complied with the relevant requirements to exhaust administrative remedies. See Dkt. No. 12 at 4. Petitioner, however, has not exhausted administrative remedies for any issue since his federal incarceration began. Knoblauch Decl. ¶¶ 11, 14.

Though the filings of pro se litigants such as Petitioner must be construed liberally, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), Petitioner's allegations in the January 10, 2012, submission regarding his medical care at FCI Otisville are simply are too limited to state a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), or the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671, et seq.

10

Moreover, inmates' claims under both Bivens and the FTCA require that a plaintiff exhaust administrative remedies before pursuing such claims. Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under Bivens [ ] must first exhaust inmate grievance procedures . . ." (internal citation omitted)); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court."). Petitioner has not pursued any administrative remedies regarding his allegedly inadequate medical treatment at FCI Otisville, see Knoblauch Decl. ¶¶ 11, 14, and accordingly cannot make out a claim under either of these theories of liability. Thus, to the extent the Petition is construed to state such claims, it is dismissed without prejudice.

## Conclusion

For the foregoing reasons, the petition for writ of habeas corpus is denied.

New York, NY
March 29, 2013

ROBERT W. SWEET
U.S.D.J.

11